UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR LYONS,                         )<br>                                       )<br>              Plaintiff(s),    )<br>                                       )<br>  vs.                                 )<br>                                       )<br>BANK OF AMERICA CORPORATION,           )<br>                                       )<br>              Defendant(s).   )<br>_____) | Case No. 2:16-cv-02760-KJD-NJK<br><br>REPORT AND<br>RECOMMENDATION |

       The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

       Plaintiff is appearing in this case *pro se* and asserting a class action to bring claims for alleged unlawful practices regarding auto refinancing. *See* Docket No. 1-1. On December 5, 2016, the Court issued an order for Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 2. In particular, the Court noted that it did not appear

Plaintiff was bringing a federal cause of action or otherwise raising a federal question. *Id.* at 2. The Court further noted that diversity jurisdiction appeared to be lacking. With respect to the purported class action, the Court noted that *pro se* parties cannot bring class actions and, therefore, diversity jurisdiction could not be founded on the Class Action Fairness Act. *Id.* at 2-3. With respect to any individual claim, Plaintiff had failed to establish a sufficient amount in controversy. *Id.* at 3. Plaintiff has responded to the order to show cause. Docket No. 3.[1] As outlined below, the undersigned finds that the response to the order to show cause has failed to establish a basis on which the Court may exercise subject matter jurisdiction over this case.

With respect to federal question jurisdiction, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here Plaintiff has not identified a federal cause of action and instead brings claims sounding in state tort law. *See* Docket No. 1-1 at ¶¶ 29-43 (identifying claims for "fraud and misrepresentation" and unjust enrichment); *see also id.* at ¶ 24 (referencing the "Nevada laws available to Plaintiff"). Plaintiff contends that his case involves a federal question because the claims are being brought on behalf of millions of Americans who receive social security pensions. *See, e.g.*, Docket No. 3 at 4. The fact that proposed class members are Americans who receive benefits from the federal government does not transform the claims at issue as arising under federal law nor has Plaintiff shown that the resolution of the claims otherwise implicates a federal question. Similarly, Plaintiff notes that banks are subject to federal regulation. Docket No. 3 at 2. While that may be true, the mere fact that a

---

[1] Because Plaintiff is *pro se*, the Court construes his arguments liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

- 2 -

bank is subject to federal regulation does not establish subject matter jurisdiction. *Cf. Wachovia Bank v. Schmidt*, 546 U.S. 303, 309-13 (2006) (addressing repeal of legislation providing for automatic federal jurisdiction for national banks). The complaint does not present a federal question.

With respect to diversity jurisdiction, jurisdiction may exist under the Class Action Fairness Act ("CAFA") for class actions when certain criteria are met. *See* 28 U.S.C. § 1332(d). Being able to bring a class action is a prerequisite to invoking CAFA, however. *Cf. McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D. Cal. 2014) (holding that CAFA was not properly invoked in purported class action brought by *pro se* litigant). Plaintiff cannot proceed with a class action as a *pro se* litigant. *See Langan v. United Services Auto. Assoc.*, 69 F. Supp. 3d 965, 988-89 (N.D. Cal. 2014), *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases). Plaintiff seeks to avoid that fate by arguing that he is entitled to appointment of counsel under Rule 23 of the Federal Rules of Civil Procedure. *See, e.g.*, Docket No. 3 at 9. Plaintiff misunderstands that rule, which provides that once the Court has determined that a case may proceed as a class action then it also orders that one of the attorneys already appearing in the case as a representative of a named plaintiff is appointed to also represent the entire class. *See, e.g.*, *Olmos v. Ryan*, 2012 WL 1580555, at *3 (D. Ariz. May 4, 2012). Rule 23 does not mandate appointment of counsel for *pro se* litigants seeking to bring class actions. *See, e.g.*, *id.*[2] Hence, Plaintiff is not entitled to appointment of counsel. Because Plaintiff cannot proceed with class claims *pro se* and is not entitled to appointment of counsel, CAFA cannot form a basis for diversity jurisdiction.

Plaintiff has also failed to establish diversity jurisdiction with respect to his individual claims. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003). Here Plaintiff has identified his individual damages as $19,647.40. *See* Docket No. 1-1 at ¶ 12. The response to the order to show cause does not provide a basis on which the Court

---

[2] Courts have discretion to appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances are not present in this case either with respect to Plaintiff's individual claims or his class claims. *See, e.g.*, *Masters v. Samuels*, 2015 WL 5446007, at *3-4 (C.D. Cal. Sept. 16, 2016) (the desire to bring a class action does not create "exceptional circumstances," and a *pro se* litigant's class-action allegations are subject to dismissal as being brought without counsel).

1 can conclude that a sufficient amount in controversy exists with respect to Plaintiff's individual
2 claims.
3       In short, the undersigned **RECOMMENDS** that this case be dismissed for lack of subject
4 matter jurisdiction and that the pending application to proceed *in forma pauperis* be denied as moot.
5 Plaintiff has failed to plead a federal question. Plaintiff cannot establish diversity jurisdiction under
6 CAFA because he is not permitted to maintain a class action as a *pro se* litigant and is not entitled
7 to appointment of counsel. Plaintiff has failed to plead diversity jurisdiction with respect to his
8 individual claims because they entail an insufficient amount in controversy.
9       IT IS SO ORDERED.
10       DATED: December 20, 2016

                                              _____
                                              NANCY J. KOPPE
                                              United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).