UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR LYONS, | |
| Plaintiff, | Case No. 2:16-CV-02760-KJD-NJK |
| v. | **ORDER** |
| BANK OF AMERICA CORPORATION, *et al*., | |
| Defendants. | |

    Presently before the Court is Plaintiff's Objection to Court's Judgment (#8). Liberally construing Plaintiff's *pro se* pleading, the Court considers it a motion for reconsideration. The Court dismissed Plaintiff's action for lack of subject matter jurisdiction on February 22, 2017.

    A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at

1263.  Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented.  See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). Here, the Court finds that Plaintiff has failed to provide newly discovered evidence, failed to demonstrate clear error, failed to show that the initial decision was manifestly unjust,or show that there has been an intervening change in law. The Court does point out to Plaintiff, that the dismissal was without prejudice. This allows Plaintiff to reassert the claims should he be able to prove jurisdiction or retain counsel capable of representing a class.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Objection to Court's Judgment (#8) is **DENIED**.

DATED this 31st day of March 2017.

_____
Kent J. Dawson
United States District Judge